SIDNEY L. BRODY AND SAMUEL H. BRODY, T/A BRODY'S, A NEW JERSEY PARTNERSHIP, PLAINTIFFS-APPELLANTS, v. GEORGE M. JAMES AND JOHN H. RUSSELL, JOINTLY, SEVERALLY, AND IN THE ALTERNATIVE, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued September 12, 1966—Decided September 30, 1966.

Before Judges GOLDMANN, KILKENNY and COLLESTER.

*Mr. Francis G. Basile* argued the cause for appellants (*Messrs. Tuso, Gruccio & Tusio,* attorneys).

Respondents did not file a brief.

PER CURIAM. Plaintiffs sued to recover amounts due on two promissory notes, the first signed in blank by defendant James allegedly to secure the payment of $20,260 for furni-

ture and carpeting sold by plaintiffs to Diamond Beach Hotel Corporation in May 1957, of which corporation James was president, and the second dated October 11, 1957 in the amount of $18,879.84 signed by defendants as officers of the hotel corporation and individually endorsed by them. This latter note was secured by a conditional sales agreement of even date executed as security for payment of the aforesaid furniture and carpeting sold and delivered some months earlier.

The trial court, sitting without a jury, found that the original note signed in blank and the note of October 11, 1957 did not represent separate obligations but arose out of the same basic debt, i. e., the sale of the furniture and carpeting; the blank note had been signed by James merely as a temporary security device, and the subsequent conditional sales agreement and note of October 11, 1957 replaced and superseded the blank note, as it had also superseded an intervening note and conditional sales agreement of July 1, 1957. The evidence supports that finding and we agree with the trial court that plaintiffs' action must succeed or fail on the basis of the October 11, 1957 transaction.

The hotel corporation had made only two $1,000 payments on account of the purchase price during the summer of 1957. Nothing was paid subsequent to execution of the October 11, 1957 conditional sales agreement and note, which plaintiffs discounted for $16,000 at the Toms River National Bank. Plaintiffs were forced to pay off the note at the bank. The hotel corporation was adjudicated a bankrupt in September 1958. Plaintiffs petitioned the bankruptcy court for reclamation of the furniture and carpeting and obtained an order of reclamation.

Without removing the furniture and carpeting from the hotel, plaintiffs sold it at private sale for $10,000 to the new owners of the hotel. Their present suit was to recover the deficiency between the amount of the notes and the amount realized on the resale. Recovery was denied by the trial court because plaintiffs had failed to comply with the provisions of

the Uniform Conditional Sales Law, *R. S.* 46:32–1 *et seq.* It is undisputed that plaintiffs did not conduct a public sale or give the buyer any notice thereof notwithstanding that at the time of the retaking more than $500 had been paid on account of the purchase price. See *R. S.* 46:32–25 and 26. Moreover, the trial court found non-compliance with the statutory requirements in plaintiffs' failure to make the resale until 64 days after repossession. *Cf. Bergen Auto Company v. Mattarochio,* 58 *N. J. Super.* 161 (*App. Div.* 1959).

As the trial court observed, plaintiffs do not really contend that the statutory requirements were complied with, but rather urge that James waived his right thereto. There was testimony by plaintiff Sidney Brody that James was told of the contemplated private sale for $10,000 to the new owners of the hotel, indicated that the price was satisfactory, and gave his oral consent to the private resale. James denied this in his testimony. The trial court made no finding on this disputed issue of fact.

Instead, the trial court decided that, even if it assumed that James had given oral consent to the private resale, such would not constitute a waiver of the protection afforded by the Uniform Conditional Sales Law. After noting that *R. S.* 46:32–32 precludes a valid waiver of the provisions of sections 46:32–24 to 46:32–27 and 46:32–31 by any act or agreement of the buyer "before or at the time of the making of the contract," and that the statute makes no mention of a waiver made after the contract, the trial court relied upon an annotation in 49 *A. L. R.* 2*d* 15 (1956) and cases cited therein to the effect that "it has usually been held that there can be no such waiver [after default] except by a new contract upon new consideration." The annotation does not cite any New Jersey case so holding. Accordingly, it was held that James could not have waived the resale provisions of the Uniform Conditional Sales Law. No contention having been made by sellers that a new contract had been entered into for a new consideration, the trial court found that no valid claim existed against James for a deficiency on the debt arising out of the

conditional sale of the furniture and carpeting to Diamond Beach Hotel Corporation.

██ In the absence of any controlling authority to the contrary in our jurisdiction, we know of no statute or compelling reason of public policy which precludes a vendee in default from voluntarily waiving the resale provisions of the Uniform Conditional Sales Law *after default*. The statute denies validity to a waiver of these provisions when the attempt to accomplish it is made before or at the time of the execution of the conditional sales agreement. The law in its benevolence thus shields the needy purchaser unable to pay the full purchase price in cash from an over-reaching seller. But where the default has occurred and the unpaid seller, as here, makes known to the buyer or his guarantor that a private sale may be effected at a good price to a person whose position is such that he would probably pay more to retain the furniture and carpeting in the hotel than would some outsider, if consent is given to the private resale, especially by someone like James, who was an attorney and well aware of his legal rights, it would seem only fair to conclude that a valid waiver could be so consciously made. The doctrine of estoppel should apply to uphold a waiver, even though voluntarily made, as much as one springing from a new contract based upon new consideration. Fundamentally, a waiver is the voluntary surrender of a known right.

We do not imply from the foregoing that James did consent to the private resale or that he did waive the resale provisions. His testimony is directly opposed to that of plaintiffs in this regard. Hence, it becomes necessary to reverse the judgment in favor of defendants and to remand this case to the Law Division for a finding by the trial court as to whether James did or did not consent to the private resale and waive the provisions of the Uniform Conditional Sales Law. If he did not so consent and waive, the judgment in favor of defendants will be reinstated. If he did consent and waive, then judgment may be entered against James for the deficiency.

We find no substantial merit in any of the other grounds relied upon by plaintiffs for a reversal.

■ No mention has been made herein as to the Uniform Commercial Code because of its inapplicability to this 1957 transaction which obviously took place prior to January 1, 1963, the effective date of the new code. We note, in passing, that the new code does not insist on a public resale with elaborate provisions for the giving of notice of sale, and its only restriction on the secured party's method of disposition is that it must be "commercially reasonable." *N. J. S.* 12A:9-504 (1). The disposition by private sale in the instant case would have seemingly satisfied that test.

Reversed and remanded to the Law Division for further proceedings consistent herewith. We do not retain jurisdiction.